(C.D. 3913)

AMERICAN BRAVO CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 4, 1969)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Bernard J. Babb* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: The merchandise covered by these protests consists of wooden lighter bases. The collector classified the merchandise under item 756.15 of the Tariff Schedules of the United States as parts of lighters at the rate of 50 per centum ad valorem.

Plaintiff contends that the merchandise is properly classifiable under item 756.10 of said tariff schedules as "articles in which lighters are incorporated as integral parts, and which are ordinarily used on the table", and accordingly should be assessed with duty at the rate of 24 per centum ad valorem.

The statutes herein involved are as follows:

> Cigar and cigarette lighters (including articles in which lighters are incorporated as significant integral parts), and parts thereof:
> > Pocket lighters, combination pocket and table lighters, and articles in which lighters are incorporated as integral parts and which are ordinarily carried in pockets or handbags:
> > > \*     \*     \*     \*     \*

| | | |
|---|---|---|
| 756.10 | Lighters and articles in which lighters are incorporated as integral parts, and which are ordinarily used on the table, not provided for heretofore in this subpart _____ | 24% ad val. |
| | \*     \*     \*     \*     \* | |
| 756.15 | Parts _____ | 50% ad val. |

The record in the case consists of the testimony of two witnesses for the plaintiff-importer and four exhibits offered in evidence by the importer.

Mr. Oscar Jacob, president of the American Bravo Company, importer of the involved merchandise, testified that he had been importing European gift wares of brass, wood, glass, and alabaster, including cigarette boxes, lighters, candy boxes, ash trays, and decorative accessories for the past eighteen years. He stated that he was familiar with

the involved items, having gone to Spain, and designed them, watched them being manufactured, imported them and sold these lighters in the United States (R. 4–5). The item represented by plaintiff's exhibit 1 is about 5½ inches high, in pear form. The witness stated that the three types of items here under consideration were all "lighter bases", having different sizes, and/or shapes; that all three bases had the same size and depth openings at the top, which were made especially for the insertion of metal cups (plaintiff's exhibit 2) into which lighter inserts were placed; that the lighters (plaintiff's exhibit 3) were inserted into the cups, then both were inserted into the lighter bases and the complete unit was sold as table lighters (R. 5–7). Plaintiff's exhibit 4, larger than but somewhat similar in design than plaintiff's exhibit 1, is representative of the assembled lighter (R. 9). Mr. Jacob stated that the lighter base is never sold alone, but always with the cup and lighter as a complete unit of wood base, cup and lighter (R. 14). He further stated that the only function of the lighter base in the operation of the lighter is to hold it up; and that the lighter base does not perform any function with respect to the operation of plaintiff's exhibit 3 (R. 15).

On cross-examination, plaintiff's witness testified that he would characterize plaintiff's exhibit 1 as "an incomplete article or incomplete lighter" (R. 16). In the opinion of the witness, plaintiff's exhibit 3 was a "complete lighter" in itself (R. 17).

Plaintiff's second witness was Mrs. Helen Murphy, senior import specialist, in charge of smokers' articles at the port of Los Angeles. She testified that in the course of her occupation, she passed upon the classification of merchandise such as plaintiff's exhibit 3 and that the insert or lighter represented by said exhibit was classified under item 756.10 of the tariff schedules as a cigarette lighter "used on the table" (R. 18–19).

The issue in this case is whether the wooden bases in question are the type of merchandise encompassed within the provision for "articles in which lighters are incorporated as integral parts, and which are ordinarily used on the table" (item 756.10) of the tariff schedules.

It is well settled that the collector (presently the district director) is presumed to have found every fact to exist that was necessary to sustain the classification of the merchandise. *United States* v. *Marshall Field & Co.*, 17 CCPA 1, T.D. 43309 (1929). Further, the plaintiff has the two-fold burden of establishing (1) that the collector's classification is erroneous and (2) that the claimed classification is correct. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 CCPA 150, C.A.D. 227 (1943); *Bob Stone Cordage Co., et al.* v. *United States,*

51 CCPA 60, C.A.D. 838 (1964). Failure on the part of the plaintiff in either of these burdens requires the protest to be overruled.

We are of opinion that the record in the case at bar together with a review of the legislative background involving (cigarette) "lighters and articles in which lighters are incorporated as integral parts, and which are ordinarily used on the table" supports a finding that the involved merchandise is not properly classifiable under item 756.10 of the tariff schedules as "articles in which lighters are incorporated as integral parts, and which are ordinarily used on the table" as claimed. The Tariff Classification Study, published by the United States Tariff Commission and reflecting the history of the new tariff schedules, is pertinent, in our opinion, in our present determination. Further, summaries of tariff information have been recognized as authoritative in adjudicating the scope of tariff terms, *United States* v. *J. Eisenberg, Inc.*, 43 CCPA 105, C.A.D. 616 (1956).

Schedule 7, Part 9 of the Tariff Classification Study (1960), pp. 393–394, recites in part:

> Cigar and cigarette lighters and articles in which lighters are incorporated as integral parts are dutiable under several scattered provisions in the existing tariff. In the revised schedule they are brought together in Items 756.02 through 756.15. * * *

> The rates of duty at which the great bulk of imports of cigar and cigarette lighters enter are not changed in the proposed schedule. In the schedule as published for the hearing, three provisions were proposed for cigar and cigarette lighters, but after protests were received from importers against the changes in duty resulting from this proposal, the schedule was revised and expanded to more closely reflect existing rates of duty. *The most significant changes in existing duties which are contained in the final proposed schedule result from the provision for parts of all lighters in a single item at one rate of duty, and the provision for articles in which lighters are incorporated as significant integral parts to be dutiable at the same rates as lighters. The proposal on parts of lighters involves an increase in several duties now applicable to imports of parts, but these changes affect only a very minor part of imports. With respect to the combination articles, it is common practice to add various articles to pocket and table lighters, such as watch and clock movements, pens, pencils, and flashlights, with the resulting combination forming a coordinate article serving two equal functions and neither of the components being subordinate to the other.* For the small volume of imports of such articles, the tariff classification of these articles is needlessly complex because of the many rates of duty which are applicable and because it is frequently necessary (such as in combination watch movements and lighters) to separate the article into component parts for separate duty treatment. In general, the rates which will apply to combination articles under the proposed schedules are higher than existing rates of duty. [Emphasis added.]

Schedule 7, part 9 of the Tariff Classification Study (1960) at page 394, also states:

> * * * Most of the remainder of imported lighters are table lighters, dutiable as smokers' articles, n.s.p.f., at the rate of 35 percent ad valorem under paragraph 1552. * * * Lighters combined with articles not to be carried on the person are dutiable at various rates depending upon the article with which the lighters are combined.

The above references in the Tariff Classification Study, *supra*, are in accord with the information set forth in Schedule 7, Volume 6 of the Summaries of Trade and Tariff Information (1968), p. 77, wherein it is stated:

> Cigarette lighters are usually made of metal, or of metal in combination with leather, imitation leather, plastics, ceramics, porcelain, or other materials. *Lighters in a small proportion of instances are incorporated as integral parts of other articles (combination articles such as lighters combined with watch or clock movements, ashtrays, music boxes, or cigarette boxes). These combination articles where lighters are significant integral parts, are classified for tariff purposes under TSUS items 756.02 through 756.10* * * * [emphasis added].

It appears that item 756.10 of the Tariff Schedules of the United States is a compilation and revision of paragraphs 1552, 367(a), and 368(a) of the Tariff Act of 1930. Paragraph 1552, *supra*, states in part:

> Pipes and smokers' articles: * * * and all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for * * *.

Paragraph 367(a), *supra*, reads in part:

> Watch movements, and time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, whether or not designed to be worn or carried on or about the person * * *.

Paragraph 368(a), *supra*, recites in part:

> Clocks, clock movements, including lever movements, clockwork mechanisms, time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments * * *.

In view of the foregoing legislative background and the enactment of the provisions for "cigar and cigarette lighters (including articles in which lighters are incorporated as significant integral parts), and parts thereof", we are persuaded that what was intended to come under item 756.10 of the Tariff Schedules of the United States, under which plaintiff claims, as "articles in which lighters are incorporated as

integral parts", was merchandise that possesses a utility separate and distinct from that of the lighter. Examples of "articles" coming within item 756.10, *supra*, are such as cigarette cases with a lighter attached thereto, a lighter combined with a flashlight, and other combination articles such as lighters combined with watch or clock movements, ash trays, music boxes or cigarette boxes.

In our opinion, the merchandise here under consideration does not come within the term "articles" as used in item 756.10 of the tariff schedules. As heretofore indicated, plaintiff's witness, Mr. Jacob, testified that there is no use for these wooden lighter bases other than in combination with the lighter (R. 11). Furthermore, the base itself is never sold alone, nor does it perform any function other than to hold the lighter (R. 14–15). Mr. Jacob also characterized these lighter bases as an "incomplete lighter" (R. 16). Based upon the record herein and the relevant legislative history heretofore adverted to, we are of opinion that the involved wooden bases are not "articles" in which lighters are incorporated as integral parts, as claimed by the plaintiff, but are only "parts" of lighters as provided for in item 756.15 under which the merchandise was classified.

Since the wooden bases under consideration are only parts of lighters, and are not "articles" in which lighters are incorporated as integral parts, General Interpretative Rule 10(ij) to which plaintiff refers in its brief on the question of "parts" is not applicable, inasmuch as the court does not have here for determination the classification of an item which falls within both a provision for "parts" and a specific provision for such a part.

On the record herein presented, we are of opinion that the plaintiff in this case has failed to overcome the presumption of correctness attaching to the classification. For the reasons stated, the protests herein are overruled.

Judgment will issue accordingly.